**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-337-FDW**

| | |
|---|---|
| AVERY JOE LAIL, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| MIKE SLAGLE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed a Motion seeking to proceed *in forma pauperis*. See (Doc. No. 2).

**I.    BACKGROUND**

*Pro se* Plaintiff is a North Carolina inmate who is currently incarcerated at the Mountain View Correctional Institution. On November 14, 2018, he filed the Complaint pursuant to 42 U.S.C. § 1983 in which he complains that he has been denied access to the courts at Mountain View C.I. Plaintiff names as Defendants Superintendent Mike Slagle, Lieutenant in Charge Cleveland Riddle, and Housing Unit Manager Kella J. Phillips.[1]

Construing the Complaint liberally and accepting it as true, the staff at Mountain View C.I. deny or "slow walk" inmates' legal motions. (Doc. No. 1 at 2). Plaintiff requested that his legal work, that was notarized, in an envelope, and "ready to go" before he went to segregation, be mailed. He was told "no" and then his requests to mail the work was denied three more times, twice in writing and once by the case manager.[2]

---

[1] Plaintiff previously filed the same claims in this Court, case number 1:18-cv-291-FDW. That case was dismissed because failure to exhaust was evident on the face of the Complaint. See (1:18-cv-291, Doc. No. 3).

[2] Plaintiff has attached grievances addressing the alleged denials, (Doc. No. 3), but not the documents that

1

Plaintiff alleges that this matter has caused him so much stress that he is taking blood pressure pills and a water pill each day, yet his blood pressure is still "in the risk zone of heart attack or stroke." (Doc. No. 1 at 3).

Plaintiff requests all past and present legal fees, the appointment of counsel, a full investigation of the corruption at Mountain View C.I., the cost of litigation, and "[t]hat something be done about their retaliations, or writing me up and refusing to give me a job." (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore

---

he allegedly requested.

a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983 and Bivens). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **Access to Courts**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). To make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Casey, 518 U.S. at 355.

Plaintiff alleges that he was not allowed to mail an envelope to the court on three occasions at Mountain View C.I. He does not describe the content of his mailings to the courts whatsoever. The grievance forms filed with the Complaint describe the forms as a "motion denying [his] MAR, petition for certiorari, and motion for form of pauperis." (Doc. No. 3 at 3). This claim is facially insufficient because Plaintiff fails to allege that Defendants' actions caused him any actual injury by frustrating a nonfrivolous post-conviction or civil rights legal claim. Therefore, Plaintiff's claim that he has been deprived of access to the courts is insufficient to proceed and will be dismissed.

**(2)** **Grievances**

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). A prisoner's "access to and participation in the prison's grievance process are not constitutionally protected…." Taylor v. Lang, 483 Fed. Appx. 855, 857 (4th Cir. 2012).

Plaintiff has no constitutionally recognized right to engage in the prison grievance procedure. Therefore, to the extent that he attempts to claim that his grievances with regards to the access to courts issue will be dismissed.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth, 584 F.2d at 1347. To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams, 40 F.3d at 75. Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Libs. Un. of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that

but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Plaintiff conclusively states that he has been retaliated against. However, he fails to support this allegation with any factual assertions whatsoever. Therefore, this claim is insufficient to proceed and will be dismissed.

**(4)** **Motion to Appoint Counsel**

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff's Complaint is insufficient to pass initial review. Therefore, the incorporated request for counsel to "help [him] with all future proceedings" is moot and will be denied. (Doc. No. 1 at 5).

**IV.   CONCLUSION**

For the reasons stated herein, the Complaint fails to state a claim upon which relief can be granted and is therefore dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

2. The Motion for the Appointment of Counsel that is incorporated in the Complaint is denied as moot.

3. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

4. The Clerk of Court is directed to close this case.

Signed: January 14, 2019

Frank D. Whitney
Chief United States District Judge